IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

R. KYLE DAVIS, Trustee for the    §
Fall River Pass Lane Trust,         §
            Plaintiff,       §
                        §
v.                         §        CIVIL ACTION NO. H-13-1306
                        §
BANK OF AMERICA, N.A., *et al.*,   §
            Defendants.     §

## <u>MEMORANDUM AND ORDER</u>

This foreclosure case is before the Court on the Motion for Summary Judgment [Doc. # 17] filed by Defendants Bank of America, N.A. ("Bank of America") and Mortgage Electronic Registration System ("MERS"), to which Plaintiff R. Kyle Davis as Trustee for the Fall River Pass Lane Trust filed a Response [Doc. # 22]. Also pending is the Motion for Summary Judgment [Doc. # 21] filed by Defendant Government National Mortgage Association ("GNMA"), to which Plaintiff filed a Response [Doc. # 24]. Defendants filed a consolidated Reply [Doc. # 27]. Having reviewed the full record and applicable legal authorities, the Court **grants** Defendants' Motions for Summary Judgment.

## I.    <u>BACKGROUND</u>

On July 15, 2009, Julius James Neumann purchased a home located in Humble, Texas. In connection with the purchase of the property, Neumann executed a Note in

the amount of $215,327.00, secured by a Deed of Trust on the property.  The Deed of Trust named MERS as the beneficiary, and as nominee for the lender, NTFN, Inc., and provided that MERS had "the right to foreclose and sell the Property. . .."  *See* Deed of Trust, Exh. A to Plaintiff's First Amended Complaint [Doc. # 12].  On October 17, 2011, MERS transferred the Note and Deed of Trust to Bank of America, and the assignment was recorded in the real property records of Harris County, Texas, on October 21, 2011.

On June 21, 2012, Neumann executed a quitclaim deed conveying his interest in the Property to Camille Davis.  On July 26, 2012, Camille Davis conveyed the Property to the Fall River Pass Lane Trust.  Plaintiff is the Trustee for the Trust.

The Note required the mortgagor to make monthly payments to the Lender on the first day of each month beginning on September 1, 2009.  *See* Note, Exh. B to Plaintiff's First Amended Complaint.  When timely payments under the Note were not made, the Substitute Trustee sold the Property at foreclosure on February 5, 2013.  Bank of America purchased the Property at the foreclosure sale for $158,400.00, and filed a Foreclosure Sale Deed in the Harris County property records.

After foreclosure, Plaintiff filed this lawsuit in Texas state court on April 9, 2013.  Defendants filed a timely Notice of Removal.  On February 10, 2014, Plaintiff filed his First Amended Complaint, asserting the following causes of action: "Lack

of Standing to Foreclose and Wrongful Foreclosure"; slander of title; "Quiet Title"; and fraud.  Defendants moved for summary judgment.  The Motions have been fully briefed, and are now ripe for decision.

## II.   SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment against a plaintiff who fails to make a sufficient showing of the existence of an element essential to her case and on which she will bear the burden at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P.  56(a); *Celotex*, 477 U.S. at 322-23; *Curtis*, 710 F.3d at 594.

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact."  *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839 (5th Cir. 2012).  The moving party, however, need not negate the elements of the non-movant's case.  *See Boudreaux v. Swift Transp. Co.*, 402 F.3d

536, 540 (5th Cir. 2005); *Jackson v. Epps*, 519 F. App'x 261 (5th Cir. Apr. 30, 2013). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)); *Spencer v. U.S.*, 463 F. App'x 368, 370 (5th Cir. Mar. 2, 2012).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004); *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action." *Spring Street Partners-IV, L.P. v. Lam*, 730 F.3d 427, 435 (5th Cir. 2013). "A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the

non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002); *Chambers v. Sears, Roebuck and Co.*, 428 F. App'x 400, 407 (5th Cir. June 15, 2011). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008).  Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (citation and internal quotation marks omitted).  In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence, and must disregard all evidence favorable to the moving party that the jury is not required to believe. *See Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412-413).  The Court is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated

assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413).

## III.   ANALYSIS

### A.   Lack of Standing/Wrongful Foreclosure

Plaintiff asserts that the foreclosure of the Property was wrongful because no Defendant had standing to foreclose.  Specifically, Plaintiff asserts that Bank of America is not the owner or holder of the Note, that the endorsements on the Deed of Trust did not create a valid assignment, and that Defendants failed to comply with the securitization requirements of the applicable Master Trust Document and Trust Prospectus.

Plaintiff's argument that Bank of America must be the owner and holder of the Note in order to foreclose is inconsistent with binding Fifth Circuit authority.  *See Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013); *Martins v. BAC Home Loan Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013).  Moreover, Bank of America has presented evidence that it was the holder of the Note at the time of foreclosure, and Plaintiff has failed to present evidence to the contrary.

Plaintiff's argument that MERS lacked the authority to assign its right to foreclose is refuted by the Deed of Trust and binding Fifth Circuit authority.  The Deed of Trust provides that "if necessary to comply with law or custom, MERS (as

nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property . . .." The Fifth Circuit has held that MERS may foreclose as beneficiary of a security instrument and furthermore may "transfer the deed of trust securing the underlying note." *Wiley v. Deutsche Bank Nat'l Trust Co*., 539 F. App'x 533, 536 (5th Cir. Sept. 6, 2013) (citing Texas law). The plain language of the Deed of Trust establishes that MERS had the right to exercise a power of sale, and Fifth Circuit law establishes that MERS had the capacity to transfer that right to Bank of America.

Plaintiff's allegations that the MERS agent who signed the endorsement to assign the Deed of Trust lacked actual authority to do so is without merit. As an initial matter, Plaintiff has failed to present evidence that raises a genuine issue of material fact regarding the MERS agent's authority or lack thereof. Additionally, Plaintiff lacks standing to challenge the agent's authority. *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013); *Epstein v. U.S. Bank Nat'l Ass'n*, 540 F. App'x 354, 357-58 (5th Cir. Sept. 25, 2013). Given that Plaintiff has presented no evidence that the signature of the MERS representative is an actual forgery, he has no standing to challenge the assignment. *See Reinagel*, 735 F.3d at 229-30 (concurring opinion).

Plaintiff similarly has no standing to complain about Defendants' alleged failure to comply with requirements of the Master Trust Document and Trust Prospectus. *See id.* at 228; *see also Farkas*, 737 F.3d at 342.

Plaintiff has failed to cite legal authority or present evidence that supports his "Lack of Standing to Foreclose and Wrongful Foreclosure" cause of action. As a result, Defendants are entitled to summary judgment on this claim.

### B.   <u>Slander of Title</u>

Plaintiff alleges that the Notice of Default, Notice of Trustee's Sale, and Trustee's Deed slandered his valid title. "Slander of title" under Texas law is "a false and malicious statement made in disparagement of a person's title to property which causes special damages." *Marrs and Smith Partnership v. D.K. Boyd Oil and Gas Co., Inc.*, 223 S.W.3d 1, 20 (Tex. App. – El Paso 2005, pet. denied) (citing *Sadler v. Duvall*, 815 S.W.2d 285, 293 (Tex. App. – Texarkana 1991, writ denied)). To state a claim for "slander of title," the plaintiff must allege that the false and disparaging statement caused the loss of a specific sale of the property. *Id.* (citing *Hill v. Heritage Resources, Inc.*, 964 S.W.2d 89, 115-16 (Tex. App. – El Paso 1997, pet. denied)). In this case, Plaintiff has failed to present evidence that he lost a specific sale of the Property. Consequently, Defendants are entitled to summary judgment on this claim.

### C.    <u>Quiet Title</u>

Plaintiff alleges that Defendants improperly claim an interest in the Property that is adverse to Plaintiff's.  To recover on a claim to quiet title, Plaintiff must prove that he has superior title to the property over Defendants.  *Rogers v. Ricane Enters.*, 884 S.W.2d 763, 768 (Tex. 1994).  The suit "relies on the invalidity of the defendant's claim to the property" and "exists to enable the holder of the feeblest equity to remove from his way to legal title any ***unlawful hindrance*** having the appearance of better right."  *Gordon v. West Houston Trees, Ltd.*,  2011 WL 1598790, *7 (Tex. App. – Houston [1st Dist.] 2011) (internal quotation marks and citations omitted) (emphasis added); *see also Turner v. AmericaHomeKey Inc.*, 514 F. App'x 513, 516 (5th Cir. Feb. 22, 2013).

As explained above, Plaintiff has failed to present evidence or legal authority to support his assertion of a superior right to the Property.  Bank of America had the right to foreclose and, therefore, the foreclosure and foreclosure sale do not constitute an "unlawful hindrance" to Plaintiff's right to the Property.  Defendants are entitled to summary judgment on this claim.

### D.    <u>Fraud</u>

Plaintiff alleges that Bank of America fraudulently represented in public records that it was entitled to foreclose on the Property.  The elements of a fraud cause of

action are: (1) a material representation; (2) that was false when made; (3) the speaker either knew it was false, or made it without knowledge of its truth; (4) the speaker made it with the intent that it should be acted upon; (5) the party acted in reliance; and (6) the party was injured as a result.  *See Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 563 n.3 (5th Cir. 2002) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex.1998)).  As explained above, Plaintiff has failed as a matter of law to demonstrate that Bank of America lacked the right to foreclose on the Property and, therefore, has failed to present evidence of a material representation by Defendants that was false when made.  As a result, Defendants are entitled to summary judgment on the fraud claim.

### E.     Defendant NTFN, Inc.

NTFN, Inc., the original Lender on the Note, has not filed an Answer or otherwise responded to Plaintiff's First Amended Complaint.[1]  Although Plaintiff named NTFN as a Defendant in the First Amended Complaint, there are no allegations of wrongdoing by NTFN.  Additionally, the Fifth Circuit has recognized that when one defending party establishes that the plaintiff has no cause of action, this defense generally inures also to the benefit of other similarly situated defendants.  *See Lewis*

---

[1]  By Order [Doc. # 19] entered March 6, 2014, the Court extended the deadline for NTFN to respond to Plaintiff's First Amended Complaint to April 21, 2014.

*v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (quoting *United States v. Peerless Ins. Co.*, 374 F.2d 942, 945 (4th Cir. 1967) (citations omitted)).  The motions for summary judgment filed by Defendants Bank of America, MERS, and GNMA equally dispose of all claims against NTFN.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, Plaintiff has failed to present evidence or legal authority to support his claims in this lawsuit.  Accordingly, it is hereby

**ORDERED** that the Motions for Summary Judgment [Docs. # 17 and # 21] are **GRANTED** and this case is **DISMISSED WITH PREJUDICE**.  The court will issue a separate final judgment.

SIGNED at Houston, Texas, this 10th day of **April, 2014.**

Nancy F. Atlas
United States District Judge